IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 15-cv-00140-NJR-DGW |
| v. ) | |
| ) | |
| AFTON PUMPS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT MOTION TO BAR
PLAINTIFF'S UNDISCLOSED WITNESSES**

Defendants Crane Co., Ingersoll Rand Company, CBS Corporation, and Clyde Union Inc. move the Court to exclude Plaintiff's undisclosed product-identification witnesses pursuant to Federal Rule of Civil Procedure 37(c). Plaintiff Richard Ellis has not disclosed witnesses in his Rule 26(a) disclosures, in his answers to interrogatories, or during his deposition. Mr. Ellis knows who these potential witnesses are and he was under an obligation to disclose them. Defendants therefore ask the Court to exclude any potential witnesses with product identification, including Plaintiff's "good friend" and any Navy shipmates, from offering any testimony in this case. Defendants also move this Court to shorten the briefing period for Plaintiff's response from fourteen days to seven days.

**FACTS**

This case was filed on November 14, 2014. Plaintiff served his initial Rule 26(a)(1) disclosures on April 30, 2015. *See* Plaintiff's Initial Rule 26 Disclosures, April 30, 2015, Exh. A. Plaintiff did not disclose any potential witnesses likely to have discoverable information other than stating general categories of people, such as "former co-workers." *Id.* at p. 1. Similarly, in response to numerous interrogatories asking about his coworkers, supervisors, managers, and

Navy shipmates, Mr. Ellis did not disclose any witnesses related to his alleged exposure to asbestos or asbestos-containing products. *See* Plaintiff's Answers and Objections to Defendants' Master Interrogatories, June 5, 2015, Exh. B. Defendants' interrogatories asked Plaintiff to identify the name, last-known address, and relationship to him of any witnesses to his alleged exposure during his military service, but Plaintiff did not answer the interrogatory. *Id.* at p. 4. Defendants' interrogatories asked a similar question about witnesses to Plaintiff's alleged exposure while he was at Navy ship yards or dry docks, but again Plaintiff did not answer. *Id.* at p. 5. Defendants' interrogatories also asked for the names and addresses of any coworkers, supervisors, or managers at each of his employers, and Plaintiff responded, "Investigation continues." *Id.* at p. 7. Defendants' interrogatories specifically asked about any witnesses to alleged exposure to asbestos during the course of his employment, and Plaintiff again answered, "Investigation continues." *Id.* at p. 8.

Defense counsel has attempted to resolve this issue with Plaintiff in good faith on multiple occasions.[1] At a recent discovery dispute conference, Plaintiff's counsel represented to this Court and Defendants that Plaintiff would answer questions about relevant coworkers, which would include Navy shipmates, during his deposition. Based on that representation, Defendants did not move to compel answers to their interrogatories at that time. As outlined below, however, Plaintiff intentionally refused to identify coworkers and shipmates.

During his deposition, Plaintiff testified that he worked for NUS at Beaver Valley Power Station for 13 years. Plaintiff's Dep. Tr., June 18, 2015, 114:22–24, 115:1–24, 116:1–4, Exh. C. He testified that his supervisor at NUS and for the entire time at Beaver Valley Power Station was Fred Arnold. *Id.* at 134:11–17. The following day, Plaintiff was asked about his work at the Baltimore Gas and Electric in Lusby, Maryland. Plaintiff's Dep. Tr., June 19, 2015, 22:15–24,

---

[1] Defense counsel can provide the Court with specifics about the communications if the Court wishes.

Exh. D. He was unable to answer a question about whether he had taken direction from a contractor's employees there, however, because he had tried the day before the deposition to contact a "good friend" he had worked with at Baltimore Gas, but could not reach him. His friend, Plaintiff said, would know the answer "because he was the boss." *Id.* at 23:1–5. When counsel asked Plaintiff the good friend's name, Plaintiff responded:

> I'm not telling you. How's that for an answer? I'm not telling you so don't bother asking.

*Id.* at 23:6–9.

On the third day of the deposition, Mr. Ellis was asked to identify his Navy shipmates, and he similarly refused to answer:

> Q: Do you recall the names of any of the shipmates you served with while you were in the Navy?
> A: Yes, but I'm not telling you.

Pltf's Dep. Tr., July 1, 2015, 96:5–8, Exh. E.

It is clear that Plaintiff knows names and contact information for individuals likely to have discoverable information in this case, including his good friend and Navy shipmates, along with the subjects of the information known to them. But Plaintiff has chosen not to provide that relevant information. After the deposition, Defendants approached Plaintiff requesting a stipulation that Plaintiff would not use the testimony of those witnesses or any other witnesses with product identification in this case. Plaintiff did not agree to such a stipulation.

## DISCUSSION

The Federal Rules of Civil Procedure require a party to supplement or correct its disclosures made under Rule 26(a), as well as its responses to interrogatories, in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. Fed. R. Civ. P. 26(e)(1); *David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th Cir. 2003).

Rule 37(c) provides that if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).[2] The sanction for failure to timely comply with the requirements of Rule 26(a) is an "automatic and mandatory" exclusion of the evidence from trial, unless the nondisclosure was "justified or harmless." *Happel v. Walmart Stores, Inc.,* 602 F.3d 820, 825 (7th Cir. 2010); *David*, 324 F.3d at 857; *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). Whether the nondisclosure was justified or harmless is a determination "entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). The following factors should guide the court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David*, 324 F.3d at 857; *Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995).

## ARGUMENT

Here, Plaintiff's potential product-identification witnesses should be excluded as the "automatic and mandatory" sanction under Rule 37(c) that is neither justified nor harmless. This case was filed over eight months ago, so Plaintiff has had more than sufficient time to disclose his potential witnesses. It goes without saying that Plaintiff has known since the case was filed who his former coworkers and Navy shipmates are. If Plaintiff intends to use any of these witnesses to support his claims, then he has failed to timely disclose them under Rule 26(a)(1) or to supplement or correct those disclosures under 26(e). Plaintiff was asked several interrogatories

---

[2] In addition or instead of that sanction, the court may order payment of reasonable expenses including attorney's fees, inform the jury of the party's failure, and impose other appropriate sanctions. Fed. R. Civ. P. 37(c)(1)(A)–(C).

about potential witnesses of his alleged exposure to asbestos during his employment, in the Navy, and at Navy shipyards, yet he either did not answer or responded that his "investigation continues." Plaintiff was not justified in not responding. He was required to answer those questions if he knew the answers.

Plaintiff's deposition testimony shows not only that he knows the identity and other relevant information regarding these individuals, but that Plaintiff's failure to disclose was willful. Plaintiff emphatically refused to answer relevant questions about certain witnesses during his deposition. When asked about his good friend at Baltimore Electric, he said, "I'm not telling you. How's that for an answer? I'm not telling you so don't bother asking." Likewise, when asked whether he knew the names of his Navy shipmates, Plaintiff responded, "Yes, but I'm not telling you." Plaintiff's responses were not justified.

Moreover, Plaintiff's refusals to answer questions about potential witnesses are not harmless. Plaintiff testified about his use of many Defendants' products during his service in the Navy. His shipmates are potential witnesses who might add testify about the nature of Plaintiff's work and the possibly brand names, trade names, and manufacturer names of equipment that Plaintiff worked with. Yet Plaintiff has already been deposed over the course of three days. If he belatedly discloses those witnesses now, Defendants will not have had the opportunity to question Plaintiff about those witnesses, his relationship to them, and other relevant information without taking a supplemental deposition of Plaintiff in Pennsylvania, where he lives.

The current deadline for depositions of Plaintiff's fact and product-identification witnesses is Aug. 7, 2015 (Doc. 520). Defendants must decide soon whether to retain experts and send them pertinent materials from this case, including deposition transcripts. Defendants' decision depends on any witness testimony about product identification. Defendants will be

severely prejudiced in their defense of this case by any late disclosures of witnesses. By not disclosing witnesses, answering interrogatories, or answering questions during his deposition, Mr. Ellis has needlessly prejudiced Defendants' ability to defend this case.

Under these circumstances, Plaintiff's lack of disclosure and refusal to answer questions about relevant potential witnesses is not justified or harmless.

## CONCLUSION

WHEREFORE, Defendants Crane Co., Ingersoll Rand Company, CBS Corporation, and Clye Union Inc. respectfully request that this Court issue an Order excluding Plaintiff's undisclosed product-identification witnesses from supplying any testimony or evidence at any hearing, deposition, or at trial of this matter, and any other relief that this Court deems appropriate under all of the circumstances.

Respectfully submitted,

HEPLERBROOM LLC

By: */s/ Carl J. Geraci*
Carl J. Geraci # 6257069
hbasb@heplerbroom.com
211 N. Broadway, Suite 2700
St. Louis, MO 63102
Phone: (314) 241-6160
Fax: (314) 241-6116
Attorney for Defendants Crane Co.
and Ingersoll Rand Company

By: /s/ *Michael Dauphin (w/consent)*
Michael R. Dauphin #6314608
mdauphin@foleymansfield.com
101 South Hanley Road, Suite 600
St. Louis, MO 63105
Phone: 314-925-5757
Fax: 314-925-5701
Attorney for Defendants CBS Corporation, a
Delaware corporation, f/k/a Viacom Inc., successor

by merger to   CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation and Clyde Union Inc. sued as "Clyde Union Inc. and SPX Corporation, as Successor-in-Interests to Union Pumps and Clyde Pumps n/k/a Clyde Union Pumps an SPX Brand"

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 3rd day of August, 2015, Defendants' Joint Motion to Bar Plaintiff's Undisclosed Witnesses was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

By: <u>/s/ Carl J. Geraci</u>